| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 1:22-CR-99 (3) |
| | § | |
| KENNETH JAMES GOINS | § | |

## MEMORANDUM AND ORDER

On May 19, 2023, Defendant Kenneth James Goins ("Goins") filed his *pro se* letter motion (#184). This motion does not bear the signature of Goins's court-appointed counsel. Defense counsel has informed the court that he does not adopt Goins's motion. *See Papillion v. Vannoy*, No. 2:16-CV-00273, 2016 WL 7323320, at *2 (W.D. La. Dec. 13, 2016) ("An attorney is not required to adopt a *pro se* motion filed by his client."); *accord Duraso v. Vannoy*, No. 2:17-CV-1530, 2018 WL 3469726, at *12 (W.D. La. June 7, 2018), *adopted by* 2018 WL 3469623 (W.D. La. July 18, 2018).

Without the approval of or the adoption of the motion by defense counsel, Goins is not permitted to file *pro se* pleadings. A "criminal defendant does not have the right . . . to a 'hybrid representation,' partly by counsel and partly by himself." *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978); *accord United States v. Lee*, No. 21-50591, 2022 WL 5102002, at *1 (5th Cir. Oct. 4, 2022); *United States v. Agbonifo,* No. 20-20293, 2022 WL 808001, at *5 (5th Cir. Mar. 16, 2022); *United States v. Jones*, 842 F. App'x 878, 884 (5th Cir.), *cert. denied*, 142 S. Ct. 171 (2021); *Whitman v. Clerk of Court*, 786 F. App'x 228, 231 (11th Cir. 2019); *United States v. Jimenez*, 744 F. App'x 866, 867 (5th Cir. 2018); *United States v. Wiley*, 707 F. App'x 802, 803 (5th Cir. 2017). Therefore, the court will not consider Goins's motion. *See United States v. Miller*, 54 F.4th 219, 227 (4th Cir. 2022) (noting that "other circuits agree that a defendant has

no right to hybrid representation for written motions"); *Jones*, 842 F. App'x at 883 ("When a defendant is represented by counsel, he or she does not have the right to file *pro se* motions."); *United States v. Dale*, 618 F. App'x 494, 498 (11th Cir. 2015) (finding no abuse of discretion where the district court declined to consider defendant's *pro se* motion for new trial while he was represented by counsel), *cert. denied*, 577 U.S. 1090 (2016); *accord Jimenez*, 744 F. App'x at 867 (holding defendant's *pro se* motion was properly ignored by the court "because [defendant] was represented by counsel when it was filed"); *Robinson v. State*, 240 S.W.3d 919, 923 (Tex. Crim. App. 2007) (holding that "[b]ecause the motion for new trial was presented *pro se* while the appellant was represented by counsel, the trial court was free to rule on it, or disregard it").

Accordingly, it is ordered that Goins's *pro se* letter motion (#184) is stricken from the record.

SIGNED at Beaumont, Texas, this 26th day of June, 2023.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE